The Chancellor.
The canal of the complainants runs through Jersey City, and, at the southern part of the city, connects with the Hudson river. Near, or at the termina-tion of the canal, there is a basin and pier, and upon the pier are some buildings, erected there by the company for the accommodation of traders and the general business of the canal. The canal, pier, and basin have been there about twenty years. The defendants, under their charter, have the power of regulating and paving the public streets of the city. They passed an ordinance to pave Hudson-street, so as to run upon the pier, and take down the buildings standing thereon, and occupied by the complainants. On filing the bill, an injunction was issued enjoining the defendants from interfering with the buildings, and from entering upon and occupying the pier of the complainants for the purposes of the street.
It is alleged, by the bill, that the improvement of the street, as contemplated, occupies a portion of the pier in possession of the complainants, and will deprive them of the use of a part of the basin. The bill alleges that the pier and basin are essential appurtenances to the canal. The answer admits that they are useful to the canal, but denies that they are essential. The bill alleges that the land the canal company occupy by their canal and its appurtenances the complainants acquired, and have the right to enjoy, under the provisions of the charter of the company. The defendants deny this, and allege that the complainants occupy more land than the law authorizes, and that they are occupying a part of the public streets of the *15 city contrary to law, and without any legal authority so to do.
I have stated enough of the pleadings to show where the equity of the hill lies, and the character of the denial of that equity hy the answer.
It is not the mere denial of the facts on which a complainant’s equity is founded that amounts, in every case, to such a denial of the equity of the bill as to entitle the defendant to a dissolution of an injunction. The facts must be of a character to entitle the denial of them by the answer to as much credit, at least, as their affirmation by the complainant is entitled to. If a fact is one within the knowledge of the complainant, and of which the defendant has knowledge only from hearsay, and the equity of the bill rests upon that fact, and the defendant denies it upon his knowledge and belief, the equity of the bill is not denied in the sense which entitles the defendant to have the injunction dissolved.
The bill in this case alleges that the basin and pier are essential to the enjoyment of the complainants’ canal. This is a very material fact; for the defendants must make a very strong case before this court will permit them to do anything to impair essentially the enjoyment and usefulness of a public work, like this canal, by taking property which the complainants have enjoyed under the laws of the state for twenty years past, and which has •been recognised as being lawfully possessed by them, both by the legislature of the state, as well as by its legal tribunals. The bill admits that these works are useful to the business of the canal, but denies they arc essential. Certainly a denial of a fact like this ought not to be relied upon by the court, so as, upon such denial, to deprive the complainants of the benefit of their injunction. Whether the basin and pier are essential, or not, the complainants are the best judges. And if we admit that this is only a matter of opinion, certainly the opinion of the complainants is entitled to much the most weight.
*16 Another fact. The complainants allege they are in the enjoyment of this property under the authority of law. The defendants deny this, and endeavor to show a superior right. This raises, at once, an important issue between the parties, involving the construction of legislative enactments and the documentary as well as possessory title of the complainants to their canal, pier, and basin. Now it appears to me very plain that this court ought not to decide an issue like that upon the pleadings alone. If the continuance of the injunction was a daily and serious injury to the defendants, and on that account there was great urgency for an immediate decision upon the propriety of its continuance, the court might be justified in venturing a decision upoH the case, although imperfectly before it. But the continuance of this injunction is working no injury to any one. Its dissolution will not definitively settle the important rights involved in this controversy, and yet it will give the defendant possession of buildings and lands in the possession of the complainants, and now used by them as useful appurtenances to the enjoyment of a public work, in which the whole state has an interest.
The effect of this injunction is only to keep the parties where they have been for the last twenty years until their rights can be properly investigated and judicially determined.
The motion to dissolve must be denied without costs.